**Carl V. PHILLIPP, Plaintiff,**

v.

**UNITED STATES CASUALTY COMPANY, a New York corporation, Defendant.**

**Civ. No. 4365.**

United States District Court, D. Colorado.

Dec. 21, 1954.

W. E. McCarthy, Boulder, Colo., for plaintiff.

Ronald V. Yegge, Margaret R. Bates, January & Yegge, Denver, Colo., for defendant.

CHRISTENSON, District Judge.

This is an action for damages against an insurance company claimed to have arisen from its failure to settle a liability claim, which resulted in a judgment against the insured in excess of policy limits. At the pre-trial conference the question of law was presented of whether liability can be predicated upon simple negligence or lack of skill and diligence, or whether a showing of bad faith is essential to recovery. By the pre-trial stipulation and the order entered thereon, it was indicated that a decision would be made by me on this point prior to trial.

Judge Murrah in discussing a division of authority on the subject in other jurisdictions, pointed up the problem here involved when he said for the Circuit Court in Traders & General Ins. Co. v. Rudco Oil & Gas Co., 10 Cir., 1942, 129 F.2d 621, 626, 142 A.L.R. 799:

> "Some courts permit a recovery by the assured against the insurer

for losses sustained in excess of the limits of the policy, based upon the negligent conduct of insurer, resulting in losses to the insured in excess of the limits of the policy. (Citing authorities.) Other courts hold that mere negligence of the insurer in the conduct of the litigation is insufficient to justify a recovery by the assured but imposes upon the insurer the duty to exercise good faith only. (Citing authorities.)"

This opinion treats the Oklahoma rule as that of good faith and such standard was therein applied, as also was it in another case arising in Oklahoma, American Fidelity & Casualty Co., Inc., v. G. A. Nichols Co., 10 Cir., 1949, 173 F. 2d 830.

The present case arises in Colorado and the State law would control. Counsel have cited no Colorado decisions on the subject. I have been unable to find any in point. The weight of authority in other jurisdictions, concerning which memoranda filed by respective counsel are in substantial agreement, would be persuasive of the rule to be applied here.

I think, however, that I was in error in indicating that I would rule on this question in advance of the trial, in the absence of some specific motion raising it. There is now no pleading or body of fact in issue as meat and bone to fill out and give definition and substance to a somewhat nebulous query. There is much to be said in favor of anticipating law problems during pre-trial conferences and solving them in advance to conserve the time of Court, parties and witnesses at the trial when feasible. Many such problems, however, either at pre-trial or at other times can be tied to formal motions which make their decision definite and meaningful. Some such problems can be solved properly only upon the evidence presented during a trial. Perhaps the relation of such a ruling as has been here invited to specific evidence regularly presented at a

trial would be most conducive to a sound decision. In any event, with nothing actually invoking a determination at this time, or even inviting it, aside from natural curiosity on the part of the parties as to what the Court will ultimately determine, a present expression would amount to little more than an advisory opinion not within the judicial function.

There is sound reason for shunning such a situation, aside from restraints of the nature last mentioned. The keeping of opinions within reasonable bounds precludes writing into them every variation or limitation suggested by the circumstances of cases not before the Court, and general expressions transposed to other facts are often misleading. Words of opinions must be read in the light of facts under discussion. Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118. Commitment at this time to a rule not tied to fact or pleading problems specifically raised might require innumerable qualifications or interminable explanations hereafter. Moreover, without reference to specific facts, any such expression could be more misleading than enlightening. For example: if I now ruled in the abstract that good faith, and not reasonable diligence or reasonable care, is the insulator against liability, later at the trial peculiar circumstances might be convincing that lack of reasonable care or diligence could amount to bad faith when these elements were viewed in their possible relationship to each other and in light of all the facts. I would wish to avoid anticipating even that there were such a possibility, but I call attention to it as a further reason why there should be no premature determination of questions not properly before the Court.

The issue, therefore, will be reserved for the trial or until such earlier time, if any, that I may be required to rule with reference to a particular motion concerning designated pleadings or evidence.